UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM FIRE &
CASUALTY CO.,

      Plaintiff,

  v.

MARC MARTIN, SHALETA
BEASLEY, and LADONNA MOORE,

      Defendants.
_____/

Case No. 20-11873

Hon. George Caram Steeh

ORDER DENYING MARC MARTIN'S MOTION FOR
SUMMARY JUDGMENT (ECF NO. 44), DENYING STATE
FARM'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AS MOOT (ECF NO. 48) AND DISMISSING COUNTERCLAIM

Before the court is Defendant Marc Martin's motion for summary judgment and Plaintiff State Farm's motion for partial summary judgment. For the reasons discussed below, the court will deny Martin's motion, dismiss his counterclaim, and deny State Farm's motion as moot.

## BACKGROUND FACTS

State Farm Fire and Casualty Company ("State Farm") filed this action against Defendants Marc Martin, Shaleta Beasley, and Ladonna Moore, seeking a declaratory judgment that they are not entitled to recover

-1-

under Beasley's and Moore's insurance policies. State Farm insured a home on Freeland Street in Detroit, Michigan, which was owned by Beasley, managed by Martin, and occupied by Moore and her family. The home sustained a fire on July 10, 2019, which State Farm alleges was intentionally set by or with the knowledge of Defendants, for the purpose of submitting fraudulent insurance claims.

Martin and his father, William Martin, deeded the Freeland property to Beasley on April 30, 2019, for $1. Beasley, who is the mother of one of Martin's children, testified that she purchased the property for $25,000. Although she testified that she did not have a key to the house, and that only Moore and Martin did, she told State Farm in a recorded statement that she had two keys. In the recorded statement, she also said the purchase price was $35,000.

At the time Beasley purchased the property, Ladonna Moore, Martin's cousin, was the tenant. Moore lived there with her children and boyfriend, Rudolph Boxx. She had been renting the house since 2016, paying Martin $800 per month. Beasley and Moore entered into a lease agreement for $1400 per month, including $200 per month for appliance rentals. Moore testified that the rent increased because the landlord painted, installed new

kitchen cabinets, and bought new appliances. She said she continued to pay the rent in cash to Martin, who managed the property for Beasley. Beasley stated that she paid Martin $100 per month the manage the property.

Beasley testified that she paid Martin, who has a construction company, $1000 to paint and to replace the kitchen cabinets at the Freeland property. She stated that she did not buy new appliances for the house. In her statement to State Farm, however, she said she had the cabinets and countertop upgraded for $5,000, and that she collected the rent from Moore herself. Martin testified that he could not remember if he continued to collect rent for Beasley, and that she did not hire him to make improvements. Although Moore's rent payment was $1400, she paid only $850 for the July 2019 rent before the fire.

The fire occurred during the early morning hours of July 10, 2019. The day before, Moore was away, taking her oldest son to Ferris State University for orientation. Her other children were with their father. Boxx spent the day at his mother's house. Moore returned around 9:30 or 10 p.m. on July 9, 2019, and dropped her son off at his godfather's house. She then picked up Boxx. He drove around and she fell asleep. When she woke up, they went to the Greektown casino. She said Martin had free rooms

there, so she stayed the night at the hotel. Moore learned about the fire the next morning, after receiving text messages and a voice mail from her neighbor.

Moore's cell phone records indicate that she may have been looking for another place to live prior to the fire. ECF No. 47-16, PageID 824, 838, On July 8, she texted Boxx, asking "did u get the stuff moved"? In a later message, she tells him "that white basket by the bedroom door it's a box [a]nd a black suit case by the backdoor the radio [a]nd my bike that's all I'm taking it can go [i]n my truck." *Id.* at PageID 828.

Boxx's testimony diverges from Moore's regarding their activities and whereabouts on the night before the fire. Boxx testified that he left the Freeland house early on July 9 and was away the entire day. He went to his mother's to pick up his bike and rode around all day. He said that he started drinking alcohol, "Burnett's [vodka] and beer," at about 7 a.m. That evening, Moore picked him up from his mother's house and they drove around. He testified that Moore drove because he was drunk. He said they stopped at a liquor store and the casino, but they could not get into the casino because he did not have his identification, so they left. Boxx testified that they were sitting in the car in front of his mother's house when Moore

-4-

got a call that the house was on fire. His mother gave them money to stay in a hotel room that night.

Marc Martin testified that he could not remember what he did or where he was the night before the fire, although he admitted he gave Moore a room at the casino. He could not remember the circumstances surrounding that. He said he learned about the fire when Moore called him.

Beasley testified that she could not remember what she did on July 9, either during the day or the evening. She learned of the fire when Martin told her, although she could not remember if he called or told her in person, or if she was at home or at work. After the fire, Beasley hired a public insurance adjuster, referred to her by Martin.

The Detroit Fire Department report reflects that the fire was reported at 1:16 a.m. on July 10. The fire originated in first floor bedroom. According to the neighbors, the doors to the house were locked at the time of the fire. State Farm's investigator, Michael Waite, observed that the home was "sparsely furnished" and that neither the kitchen cabinets nor the appliances appeared to be new. The cabinets were empty, with no dishes or food in them. He observed clothing on the floor in the upstairs bedrooms, but no beds.

Waite concluded that "[a]ll accidental causes of the fire have been eliminated except for the possibility of an electrical malfunction in one of the devices located in the bedroom which were too badly damaged to be thoroughly examined." ECF No. 47-14. Thomas Pawlyn, an electrical engineer, stated that he "no evidence of an electrical failure or an anomaly during my July 30, 2019 inspection of the premises which would explain the cause of the July 10, 2019 fire. Many of the electrical devices in the area of origin were either completely consumed by the fire or so badly damaged that I was unable to make a conclusive examination of these devices." ECF No. 47-15. State Farm's investigator concluded that the cause of the fire was "undetermined."

Beasley submitted a proof of loss to State Farm in the amount of approximately $278,000, for damage to the house and loss of rent. She referred Moore, who had a renter's policy with State Farm, to her public adjuster. Moore submitted a proof of loss in the amount of approximately $20,000 for her personal property and also sought reimbursement for temporary living expenses.

Both Beasley and Martin had financial difficulties at the time of the fire. Beasley's credit card statements for July 2019 reflect that she owed more than $60,000, including over $20,000 on her American Express card

alone. ECF No. 47-4. She identified monthly expenses in excess of her monthly income of $3,200. ECF No. 47-3 at PageID 557-560. Likewise, Martin identified expenses in excess of his monthly income. ECF No. 47-5 at PageID 601-604.

State Farm received claims for two other fires that occurred in July 2019 that had a connection to Marc Martin and other similarities.[1] *See* ECF No. 47-22. A fire was reported at 13226 Mark Twain in Detroit on July 24, 2019. Martin deeded the home to his friend Erika Williams in November 2018 for $1, but continued to act as property manager. The night of the fire, Williams was staying in a hotel and there was no food or bed in the home. The fire was determined to have been intentionally set.

A fire was reported at 9597 Mansfield in Detroit on July 30, 2019. Martin deeded the property to his mother, Velma Martin, on May 8, 2019, but continued to act as property manager. The tenant was Keith Alford, a friend of Martin's. At the time of the fire, Alford and his girlfriend were staying at a hotel and his children were not in the home. The cause of the fire was undetermined.

---

[1] These fires are the subject of two other lawsuits before the court that were brought by State Farm, Case Nos. 20-11874 and 20-11875.

## LAW AND ANALYSIS

I.    Standard of Review

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Dist. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In response to a properly supported motion for summary judgment, the opposing party must come forward with specific evidence showing there is a genuine issue of fact for trial. A "mere scintilla" of evidence is insufficient to meet this burden; the evidence must be such that a reasonable jury could find in favor of the nonmoving party. *Anderson*, 477 U.S. at 252.

II.  Martin's Motion for Summary Judgment

In its complaint, State Farm seeks a declaration that it is not obligated to pay policy proceeds to Defendants for the July 10, 2019 fire based upon the intentional acts (arson) and/or fraud exclusions. Beasley's rental dwelling policy with State Farm contains an exclusion for intentional acts: "If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss." ECF No. 47-2 at PageID 537. In addition, "[t]his policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss." *Id.* at PageID 542. Moore's policy contains similar provisions.[2] ECF No. 1-5 at PageID 86, 97. State Farm asserts that as property manager, Martin was an insured by definition under Beasley's policy.

"Where an arson defense is raised by an insurer, the burden is on the insurer to prove by a preponderance of the evidence that the plaintiff set fire to the building or caused it to be set on fire." *George v. Travelers Indem. Co.*, 81 Mich. App. 106, 112 (1978). Arson may be proven by

---

[2] Moore has not filed an answer and is in default. ECF No. 22.

circumstantial evidence. *Id.* "Where there is independent evidence of the incendiary origins of a fire, Michigan courts have affirmed arson convictions based on circumstantial evidence of motive (such as insurance coupled with business difficulties) plus opportunity (such as access to the building)." *Id.* Although motive and opportunity are factors to be considered, they are not mandatory. *Johnson v. Auto-Owners Ins. Grp.*, 202 Mich. App. 525, 527 (1993) ("[T]he dispositive determination is whether the [insured] set the fire or caused it to be set.").

The policy provides that if the insured conceals or misrepresents a material fact, the policy is void. "Where an insurance policy provides that an insured's concealment, misrepresentation, fraud, or false swearing voids the policy, the insured must have actually intended to defraud the insurer." *West v. Farm Bureau Mut. Ins. Co. of Michigan*, 402 Mich. 67, 69 (1977). The insured's intent is generally a question for the jury. *Id.*

In his motion for summary judgment, Martin argues that State Farm has not conclusively established that the fire was intentionally set. However, State Farm is not precluded from establishing arson when the cause of the fire is undetermined. In *Transportation Ins. Co. v. Detroit Edison Co.*, 2003 WL 22956418, at *1 (Mich. App. Dec. 16, 2003), the Michigan Court of Appeals found that the jury could have concluded that a

fire was intentionally set based upon expert testimony that the cause of the fire was undetermined, coupled with circumstantial evidence raising "red flags," "including orders to move flammable materials, stolen equipment, unsecured areas, an open door, recently increased insurance coverage, missing business records, lack of cooperation with the fire investigation, significant business debt, and dwindling company profits." *Id.*

Here, there is circumstantial evidence that Defendants had the motive and opportunity to commit arson and/or intentionally concealed or misrepresented facts related to the loss. There is evidence that Martin continued to be the true owner of the property after deeding it to Beasley; she provided conflicting testimony regarding the purchase price ($25,000 or $35,000), claimed she did not have a key, and stated that Martin continued to collect the rent and perform renovations. After the fire, she texted Martin, asking whether the Freeland property was a two-family residence and whether it had an upstairs.

Martin initially denied having anything to do with the Freeland property after deeding it to Beasley (allegedly for $30,000), but then admitted to managing it. Only Martin, Beasley, and Moore had access to the property, which was locked and secured at the time of the fire. The home was sparsely furnished and lacked food or beds. Moore paid only
-11-

$850 of her $1400 rent obligation the month of the fire, suggesting either financial hardship or proration of rent with the knowledge that she would not be living there for the entire month. She appeared to be searching for a different place to live in the days before the fire. Martin obtained a hotel room for Moore the night of the fire. Beasley and Martin had monthly expenses that exceeded their obligations and had thousands in credit card debt.

Further, Defendants' testimony regarding basic facts such as the collection of rent, renovations, and their whereabouts at the time of the fire conflict or were evasive, raising questions as to their credibility. *See* ECF No. 47-12 at PageID 689-92. And although Martin claims he would not benefit from the insurance proceeds, his personal relationships with Beasley and Moore, which he initially failed to disclose, suggest an opportunity to work together to defraud State Farm to their benefit. In addition, there were two other suspicious fires at properties formerly owned by or connected to Martin.[3] State Farm has set forth sufficient

---

[3] Contrary to Martin's argument, these fires are admissible under Federal Rule of Civil Procedure 404(b) to show motive, opportunity, intent, plan, or absence of accident or mistake. They are also admissible under the doctrine of chances. "Under this theory, as the number of incidents of an out-of-the-ordinary event increases in relation to a particular defendant, the objective probability increases that the charged act and/or the prior occurrences were not the result of natural causes." *People v. Mardlin*, 487 Mich. 609, 616 (2010). The doctrine is often employed in arson cases: "Indeed, arguably the

circumstantial evidence of Defendants' motive and opportunity to intentionally set the fire and that they knowingly misrepresented material facts in connection with their insurance claims.

Although Martin argues that the evidence demonstrates mere coincidences or is otherwise benign, the assessment of the evidence, along with the credibility of witnesses, is for the jury. See Martell v. IDS Prop. Cas. Ins. Co., 2012 WL 71891, at *4 (E.D. Mich. Jan. 10, 2012) (fraud and arson defenses for the jury when evidence presented of insured's financial difficulties and arrangement of occupants and pets to be outside the home at time of fire).

Moreover, Martin does not dispute the facts as alleged and supported by State Farm in its response, but merely argues that State Farm lacks evidence of his involvement or wrongdoing. This conclusory argument does not satisfy his burden of demonstrating that there is no genuine issue of material fact for trial.

Martin also argues in a perfunctory manner that State Farm lacks standing to bring suit against him.[4] Standing is a jurisdictional requirement:

---

doctrine is epitomized in arson cases in which apparently accidental fires befall property linked to the defendant with uncommon frequency." Id. at 618-19.

[4] The court issued an order to show cause, seeking additional briefing from the parties on this issue. ECF Nos. 53, 54, 55. Martin's response did not provide additional detail regarding his standing argument.

"an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing is comprised of three elements: (1) an injury in fact; (2) fairly traceable to the actions of the defendant; (3) that is likely to be redressed by a favorable court decision. *Id.* at 560-61. In the declaratory judgment context, "[b]asically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). This standard is met here; insurance claims were made that State Farm has not paid and Martin is an insured by definition (as "real estate manager") under the policies. State Farm alleges that Martin engaged in fraud or was involved in setting the fire, which would serve to void the policies in their entirety. There is a substantial controversy regarding whether Martin's alleged fraud rendered the policies void and absolved State Farm of any obligation to pay the outstanding claims.[5]

---

[5] State Farm's argument that Martin may someday attempt to recover under the policy as the true owner of the property is speculative and does not identify a controversy of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See MedImmune*, 549 U.S. at 127.

-14-

Martin does not address standing requirements in the context of a declaratory judgment action, but argues that State Farm cannot meet the causation requirement because it has not established the elements of fraud, that Martin injured State Farm, or that his conduct was unlawful. In this regard, Martin's argument conflates the requirements of standing with the merits of State Farm's action. As the Sixth Circuit has emphasized, "[t]here is a difference between failing to establish the elements of a cause of action and failing to show an Article III injury. One is a failure of proof. The other is a failure of jurisdiction. Yes, there can be overlap between the two inquiries. But they are not one and the same." *Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 462 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 1117 (2020). Martin's standing argument addresses the merits rather than the court's jurisdiction and is unavailing.

For these reasons, the court will deny Martin's motion for summary judgment.

III. State Farm's Motion for Partial Summary Judgment

State Farm seeks partial summary judgment on Martin's counterclaim, which alleges breach of contract and requests a declaratory judgment. Specifically, State Farm argues that Martin is not entitled exemplary damages or attorney's fees in a breach of contract action as a

matter of law. As a threshold matter, however, the court has questioned whether the parties had standing to bring this action and provided them an opportunity to address the issue. ECF No. 53. In his supplemental brief, Martin does not argue that he has standing to assert his breach of contract claim. Rather, he "conditionally concedes dismissal of Count I for Breach of Contract, should this court find that Counter-Defendant State Farm did not have standing to bring an action against Mr. Martin." Martin has forfeited this issue by failing to address it. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

Moreover, although he is an insured by definition under the policies, he has not explained how he has been or will be injured by State Farm's failure to pay Beasley and Moore's claims. Nor has he identified any personal loss that he suffered as a result of the fires. Further, at this stage of the proceedings, Martin may not rest on mere allegations but it is his burden to assert specific facts demonstrating that he has standing to pursue his claims. The elements of standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case." *Lujan*,

504 U.S. at 561. The court finds that Martin has failed to allege that he has suffered an injury in fact caused by the actions of State Farm. Accordingly, the court will dismiss Martin's breach of contract claim for lack of standing and need not address his entitlement to exemplary damages or attorney's fees with respect to that claim.

The court notes, however, that Martin argues that he is entitled to exemplary damages because State Farm defamed him by accusing him of arson. But Martin's countercomplaint does not present a defamation claim. Martin may not seek damages based upon a claim raised for the first time in opposition to a motion for summary judgment. Such an approach "subjects a defendant to 'unfair surprise,' because the defendant has no opportunity to investigate the claim during discovery." *Davis v. Echo Valley Condo. Ass'n*, 945 F.3d 483, 496 (6th Cir. 2019) (citation omitted). Because Martin's defamation claim was not pleaded or asserted in timely fashion, the court declines to consider it.

With respect to his declaratory judgment claim, Martin alleges that "the Court will be called on to decide: a. Whether the Policy covers losses to the Property; b. Whether the Claim is a covered loss under the Policy; and c. Other determinations to be made by the Court." ECF No. 15. Again, Martin does not have standing to bring such a claim, given that he is not

-17-

seeking to recover under the policy and has never identified any loss he has suffered as a result of the fire or State Farm's failure to pay Beasley or Moore's claims.[6] He has failed to identify an injury-in-fact traceable to State Farm's failure to provide coverage.[7] *See Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 555 (6th Cir. 2021) (a plaintiff seeking declaratory relief must "show actual present harm or a significant possibility of future harm"). Accordingly, the court will dismiss Martin's declaratory judgment claim.

Martin argues that the court should not dismiss his declaratory judgment claim because he has been injured by State Farm's lawsuit against him and forced to incur attorney's fees. But a post-complaint claim for attorney's fees does not confer standing, which must be demonstrated at the time the complaint is filed. *See id.* ("[I]t is widely accepted that a plaintiff must establish standing at the time the lawsuit commences.").

Further, based upon the theory under which Martin is proceeding, a declaratory judgment counterclaim is not required to request attorney's fees. Martin argues that he is entitled to seek attorney's fees under

---

[6] With respect to their declaratory judgment claims, Martin and State Farm's alleged injuries are different, requiring a different result in the standing analysis. State Farm is not injured because Martin is seeking to recover under the policy, but because he was allegedly involved in setting the fire or orchestrating a fraud upon the company.
[7] Martin's boilerplate request for "[o]ther determinations to be made by the Court" lacks sufficient factual content to state a claim.

Michigan Court Rule 2.625(A)(2), which provides "if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591," which defines costs to include attorney's fees. Although this Michigan court rule does not apply here, Rule 11 provides a similar avenue for relief for the filing of frivolous actions in federal court.

Federal courts sitting in diversity apply the forum state's substantive law and federal procedural law. "Federal courts are to apply state procedural rules in diversity cases only when the federal rules of procedure do not address the situation presented." *Davis by Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 137 (6th Cir. 1990) (citing *Hanna v. Plumer*, 380 U.S. 460, 470 (1965)). Frivolous filings in federal court are governed by Rule 11; accordingly, the Michigan statute and court rule are not applicable. *See First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 529 (6th Cir. 2002) (Ohio statute permitting attorney's fees for frivolous conduct conflicted with Rule 11 and did not apply in diversity case); *Lawley v. Siemons*, No. 11-12822, 2014 WL 172265, at *2 (E.D. Mich. Jan. 15, 2014) (declining to apply M.C.L. § 600.2591 because it "is procedural in nature").

As posited here, Martin's request for attorney's fees is not an independent cause of action and does not provide the basis for a counterclaim, but is grounds for a motion under Rule 11.[8] Accordingly, the court will dismiss Martin's counterclaim.

ORDER

For these reasons, IT IS HEREBY ORDERED that Martin's counterclaim is DISMISSED for lack of standing and State Farm's motion for partial summary judgment (ECF No. 48) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Martin's motion for summary judgment (ECF No. 44) is DENIED.

Dated: September 26, 2022

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 26, 2022, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

---

[8] Given that State Farm's claims are sufficiently supported by facts and law to survive summary judgment, such a motion is unlikely to be well taken.